FILED

2017 Jan-27  PM 12:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES STRONG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:15-CV-1978-VEH** |
| | ) | |
| **BLUE BELL CREAMERIES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

## I.   INTRODUCTION AND PROCEDURAL HISTORY

This is a civil action filed by the Plaintiff, James Strong, against the Defendant, Blue Bell Creameries. The Complaint alleges that the Defendant discriminated against Strong on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq*. ("Title VII"), and 42 U.S.C. § 1981. (Count One). The Complaint also alleges that the Defendant has discriminated against Strong due to his disability, and failed to reasonably accommodate his disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112, *et seq*. (the "ADA"), and the amendments thereto. (Count Two).[1]

---

[1] The Complaint actually alleges a violation of the Americans with Disabilities Act Amendments Act of 2008 (the "ADAAA"), which broadens the definition of "disability" under

Both counts arise out of the Plaintiff's employment with the Defendant.

On June 21, 2016, this Court held that "the Plaintiff has failed to properly allege facts which plausibly support a claim for wrongful discharge," and dismissed any such claim. (Doc. 29 at 13). The Plaintiff subsequently flied a motion to amend the Complaint (doc. 31), which this Court denied (doc. 33 at 11). The parties now agree that the Complaint alleges only two claims–one for an alleged discriminatory demotion asserted under Title VII and Section 1981 (Count One), and one for constructive discharge asserted under the ADAAA (Count Two).[2] The Plaintiff admits that the <u>only</u> remaining claim in this case is Count One, alleging race discrimination under Title VII and Section 1981, based upon his alleged demotion.[3]

---

the ADA.

[2] In its brief in support of the motion, the Defendant proffered the following fact:

2. Plaintiff's Response to Blue Bell's Motion to Dismiss the constructive discharge claim filed by Defendant made clear that Plaintiff brought only two claims, one for a demotion and one for constructive discharge, (*id.* at 2, ¶ 5), with the demotion claim being asserted under Title VII and §1981 and the constructive discharge claim being asserted under the ADAAA.

(Doc. 35 at 2, ¶2).  In response, the Plaintiff wrote: "2. Undisputed."  (Doc. 39 at 2, ¶2).

[3] In its brief in support of the motion, the Defendant proffered the following fact:  "7. Therefore, the only remaining claim in this lawsuit is discrimination in demotion under Title VII and §1981."  (Doc. 35 at 3, ¶7).  The Plaintiff responded to this fact with: "7. Undisputed." (Doc. 39 at 2, ¶7). In light of these responses, the Court determines that the Plaintiff's conclusion to his brief in opposition to the instant motion, which states "the Defendant is not entitled to Summary Judgment with regards to Strong's race <u>or disability claims</u>" (doc. 39 at 9) (emphasis added), must be a typographical error. Even if it is not, such a conclusory statement is insufficient to overcome Plaintiff's otherwise complete abandonment of this claim. Summary

This case comes before the Court on the motion for summary judgment filed by the Defendant. (Doc. 34). For the reasons stated herein, the motion will be **GRANTED in part** and **DENIED in part**.

## II.    STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (internal quotation marks and citation omitted). The party requesting summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(c) requires the non-moving party to go

---

judgment will be **GRANTED** as to Count Two in its entirety.

beyond the pleadings in answering the movant.[4] *Id.* at 324. By its own affidavits – or by the depositions, answers to interrogatories, and admissions on file – it must designate specific facts showing that there is a genuine issue for trial. *Id.*

The underlying substantive law identifies which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the evidence presented by the non-movant to rebut the moving party's evidence is merely colorable, or is not significantly probative, summary judgment may still be granted. *Id.* at 249.

How the movant may satisfy its initial evidentiary burden depends on whether that party bears the burden of proof on the given legal issues at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). If the movant bears the burden of proof on the given issue or issues at trial, then it can only meet its burden on

---

[4] When *Celotex* was decided, FED. R. CIV. P. 56(e) encompassed this express requirement, but now this concept is covered by the language provided for under FED. R. CIV. P. 56(c).

summary judgment by presenting *affirmative* evidence showing the absence of a genuine issue of material fact – that is, facts that would entitle it to a directed verdict if not controverted at trial. *Id.* (citation omitted). Once the moving party makes such an affirmative showing, the burden shifts to the non-moving party to produce "significant, probative *evidence* demonstrating the existence of a triable issue of fact." *Id.* (citation omitted) (emphasis added).

For issues on which the movant does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. *Id.* at 1115-16. First, the movant may simply show that there is an absence of evidence to support the non-movant's case on the particular issue at hand. *Id.* at 1116. In such an instance, the non-movant must rebut by either (1) showing that the record in fact contains supporting evidence sufficient to withstand a directed verdict motion, or (2) proffering evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Id.* at 1116-17. When responding, the non-movant may no longer rest on mere allegations; instead, it must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343, 358 (1996). The second method a movant in this position may use to discharge its burden is to provide affirmative *evidence* demonstrating that the non-moving party will be unable to prove its case at trial. *Fitzpatrick*, 2 F.3d at 1116. When this occurs, the non-movant must rebut by offering

*evidence* sufficient to withstand a directed verdict at trial on the material fact sought to be negated. *Id.*

## III.   FACTS[5]

James Strong began working for Blue Bell in the year 2000 and took the position of over-the-road Truck Driver beginning in 2005. Strong was employed by the Defendant for approximately fourteen years in the following positions, General Laborer, Palletizer, Yard-Dog, and finally over-the-road Truck Driver.

Strong was informed on May 14, 2014, that he was being moved to a Palletizer position. Strong received the same hourly rate of pay as a Palletizer that he received as a truck driver. (Doc. 36-1 at 1, ¶4). However, as a truck driver Strong "routinely worked 5 to 6 hours of overtime per day." (Doc. 39-1 at 3). The Defendant told Strong that he was being moved "because of working too much overtime." (Doc. 39-1 at 3, ¶8). When Strong was moved to the Palletizer position, but before he began

---

[5]   The facts set out herein are gleaned in substantial part from the facts proffered by the parties.  To the extent that a party has proffered a fact which is not disputed, it has been included herein <u>exactly</u> as it was proffered, without citation.  To the extent that a fact proffered by a party was disputed by another party, the Court first examined the proffered fact to determine whether the evidence cited in support of that fact actually supported the fact <u>as stated</u>.  If it did not, the fact was not included.  If it did, the Court then looked to whether the evidence cited in support of the dispute actually established a dispute.  If it did not, the Court presented the fact as proffered, with citation to the evidence supporting the fact as proffered.  If the evidence did support a dispute, the fact was cast, as this Court must, in the light most favorable to the non-movant, with citation to the evidence supporting the fact in that light.  If more explanation was needed, the Court included that information in an appropriate footnote.  As necessary, the Court has also included additional facts cast in the light most favorable to the non-movant.  Not all facts which have been proffered have been included.  The Court included only the <u>relevant</u> and <u>material</u> facts.

working in that position, Blue Bell "informed [Strong] that [he] would not receive any more overtime." (Doc. 39-1 at 3-4, ¶9).

Strong first reported to work as a Palletizer on May 22, 2014, and worked that day and the next day, May 23, 2014. Strong was clocked in for approximately nine hours on both May 22 and May 23, 2014. (Doc. 36-1 at 2, ¶6). Beginning May 24, 2014, Strong did not report to work again, and resigned in July 2014 without ever returning to work at Blue Bell. In other words, Strong only worked two days in the Palletizer position during the period of time material to this lawsuit. (Doc. 36-1 at 2, ¶¶ 8-9 and doc. 36-2 at 1).[6, 7]

## IV.   ANALYSIS

---

[6] This fact was proffered by the Defendant. The Plaintiff responds to this fact with only the word "Disputed," and with no evidentiary citations. This Court's Uniform Initial Order, entered in this case on February 18, 2016, requires that "[a]ny statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*" (Doc. 22 at 17) (italics in original). The plaintiff's dispute is insufficient.  This fact is therefore deemed to be admitted.

[7] The Court has omitted the Plaintiff's proffered facts dealing with the Plaintiff's diagnosis of diabetes, the limitations said diagnosis imposed upon him, and the reasonable accommodations needed as a result of the diagnosis.  (Doc. 39 at 3-4, ¶¶2, 3, 4). The issue in the instant motion is <u>only</u> whether the transfer to the Palletizer position was an "adverse employment action." The Plaintiff's response to the motion makes it clear that he contends that the move was an adverse employment action <u>only</u> because he was not allowed to work overtime in the new position, not because the work was difficult due to his diagnosis. For this same reason, the Court has also omitted the Plaintiff's proffered facts regarding the conditions in which he was expected to work in the new position and his ability to do so. (Doc. 39 at 4, ¶¶10, 11; 5-6, ¶¶ 18, 19, 20, 22, 23).

The Plaintiff alleges that his reassignment to the position of Palletizer was a demotion based on his race, in violation of Title VII and Section 1981. The Eleventh Circuit has stated:

> Where . . . an employee attempts to prove discriminatory intent by circumstantial evidence, the claims are subject to the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973). The plaintiff has the initial burden to establish a prima facie case of disparate treatment. To establish a prima facie case of disparate treatment, the plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees outside of her class more favorably; and (4) she was qualified to do the job. *McCann v. Tillman,* 526 F.3d 1370, 1373 (11th Cir.2008). If the plaintiff establishes a prima facie case, then the employer must articulate a legitimate, nondiscriminatory reason for discharging the employee. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir.2004). If the employer meet its burden, then the plaintiff must offer evidence that the alleged reasons for the employer's actions are a pretext for illegal discrimination. *Id*.

*Stinson v. Pub. Serv. Tel. Co.*, 486 F. App'x 8, 9–10 (11th Cir. 2012) (footnote omitted). "'The *McDonnell Douglas* scheme for the allocation of burdens and the order of presentation of proof also applies in [Section] 1981 cases involving discriminatory treatment in employment situations.'" *Stinson*, 486 F. App'x at 10, n. 1 (quoting *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1060 (11th Cir.1994)).

The Defendant argues only that the Plaintiff cannot satisfy his initial burden of establishing a prima facie case of discrimination because he cannot show that his

reassignment to the Palletizer position was an "adverse employment action." To

qualify as an adverse employment action

> an employer's conduct that falls short of "an ultimate employment decision, must, in some substantial way, alter the employee's compensation, terms, conditions, or privileges of employment, deprive him or her of employment opportunities, or adversely affect his or her status as an employee." [*Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir.2008)] (alterations and internal quotation marks omitted). Specifically, a Title VII claim requires the employee to establish that he experienced "a serious and material change in the terms, conditions, or privileges of employment." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir.2001).

*Medearis v. CVS Pharmacy, Inc.*, 646 F. App'x 891, 897 (11th Cir. 2016). The

Plaintiff states that the move to the Palletizer position is an adverse employment

action because the Plaintiff was denied overtime in his new job.[8]

---

[8] The court pauses for a moment to note that, in his brief, the Plaintiff actually states: "Here, Strong not only was . . . placed in a work environment deleterious to his health, he was denied overtime he regularly and routinely received[.]" (Doc. 39 at 9). Other than this lone statement that the Plaintiff "was . . . placed in a work environment deleterious to his health," all of the argument and authority cited by the Plaintiff relate only to <u>overtime</u>, not to the <u>conditions</u> in which the Plaintiff was working. To the extent that the Plaintiff's statement that he "was . . . placed in a work environment deleterious to his health" is an attempt by the Plaintiff to argue that the <u>conditions</u> of his new job also caused the transfer to the new job to be an adverse employment action, the Court will not address this underdeveloped argument. *See*, *T.P. ex rel. T.P. v. Bryan Cty. Sch. Dist.*, 792 F.3d 1284, 1291 (11th Cir. 2015) ("[D]istrict courts should not 'be expected to construct full blown claims from sentence fragments,' appellate courts should not 'permit those same fleeting references to preserve questions on appeal.'") (*quoting Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985)). Further, the Defendant's motion clearly raised this issue. (*See*, doc. 35 at 8 ("[H]e has alleged that his job change was detrimental to him . . . because the 'work is labor intensive and requires that he work in freezing conditions'"); *see also* doc. 35 at 8-10 generally). To the extent that the Plaintiff has alleged in this case that moving him to the Palletizer position was an adverse employment action because of the conditions of the job, the Court deems these grounds to be abandoned. *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[G]rounds alleged in the complaint but not

Transferring a Plaintiff from a position in which he could earn overtime into another where he could not <u>is</u> an adverse employment action. *See Bass v. Bd. of Cty. Comm'rs, Orange Cty., Fla.*, 256 F.3d 1095, 1118 (11th Cir. 2001) ("The Division's actions which deprived Bass of compensation which he otherwise would have earned clearly constitute adverse employment actions for purposes of Title VII"); *Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) ("Shannon also presented evidence that in retaliation he was 'totally blackballed' from overtime.")[9]; *McCann v. Mobile Cty. Pers. Bd.*, No. CIV A. 05-0364-WS-B, 2006 WL 1867486, at *6, n. 9 (S.D. Ala. July 6, 2006),(Steele, J.)[10] (citing *Bass* and *Shannon* for the proposition that "[t]here is no question but that an exclusion from overtime opportunities constitutes an adverse employment action."); *Collins v. Miami-Dade Cty.*, 361 F. Supp. 2d 1362, 1372 (S.D. Fla. 2005) (Jordan, J.) ("The Eleventh Circuit

---

relied upon in summary judgment are deemed abandoned."). Summary judgment accordingly will be **GRANTED** as to Count One, to the extent that it is based on anything <u>other than</u> the denial of overtime in the new position.

[9] The Defendant argues:

> Plaintiff incorrectly argues that *Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 716 (11th Cir. 2002), stands for an unequivocal holding of the Eleventh Circuit that "denial of overtime is an 'adverse employment action.'"

(Doc. 40 at 6). As shown above, *Bass* and *Shannon* both provide support for the proposition that denial of overtime is an adverse employment action.

[10] *Aff'd sub nom. McCann v. Tillman*, 526 F.3d 1370 (11th Cir. 2008).

has held that, in certain instances, denial of a right to overtime constitutes an adverse employment action."); *Moore v. Miami-Dade Cty.*, No. 03-22421-CIVGOLD, 2005 WL 3273722, at *11 (S.D. Fla. Sept. 30, 2005) (Simonton, M.J.) (same).

The Defendant insists overtime is calculated on a weekly basis and that, since the Plaintiff only worked two days in his new position, he "does not know if he would have received less compensation or not." (Doc. 40 at 6). Accordingly, the Defendant argues, the Plaintiff has suffered no tangible harm because there was only the "potential" of an adverse action on him which "never went into effect," and that the Plaintiff is only speculating as to whether he would have earned overtime. (Doc. 40 at 5-9). The Court does not agree.

The Plaintiff did not have to speculate as to whether he would make less money in the new position– the Defendant told him he would not. The Defendant told Strong that he was being moved "because of working too much overtime." (Doc. 39-1 at 3, ¶8). Further, the Defendant told him that in his new position he would not receive any more overtime. (Doc. 39-1 at 3-4, ¶9).[11] Defendant has provided the Court with no

---

[11] The Defendant does not address this evidence, garnered from the Plaintiff's declaration, nor attack its admissibility. The Defendant's comments, set out in the Plaintiff's declaration, are an admission by the Defendant that the reassignment altered the Plaintiff's compensation in a substantial way. Also, this fact was proffered by the Plaintiff. (Doc. 39 at 4, ¶12). The Defendant responded to this fact only with "Disputed, although not material to this motion," and fails to include a citation to the record. (Doc. 40 at 4, ¶12). This Court's Uniform Initial Order, entered in this case on February 18, 2016, requires that "[a]ny statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary

authority that the Plaintiff, under such circumstances, had to work an entire week in the new job before he could claim that transferring him to the new position was an adverse employment action. Further, the Defendant offers no evidence, nor does it even argue, that the Plaintiff could have in fact earned overtime in his new position.

## V.    CONCLUSION

Based on the foregoing, it is hereby **ORDERED, ADJUDGED**, and **DECREED** as follows:

1.    The Defendant's motion for summary judgment is **GRANTED** in favor of the Defendant and against the Plaintiff as to Count One to the extent that Count One is based on anything other than the Plaintiff being placed into a position which did not pay him overtime.

2.    The Defendant's motion for summary judgment is **GRANTED** in favor of the Defendant and against the Plaintiff as to Count Two in its entirety. Count Two is **DISMISSED with prejudice**.

3.    In all other respects, the motion for summary judgment is **DENIED**.

---

record upon which the dispute is based. *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*" (Doc.22 at 17) (italics in original). The Defendant's dispute is insufficient. This fact is therefore deemed to be admitted.

**DONE** and **ORDERED** this 27th day of January, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge